IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DEJUAN D. ALLEN,<br>TDCJ-CID No. 02253080,<br><br>　　Plaintiff,<br><br>v.<br><br>BRYAN COLLIER, *et al.*,<br><br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:24-CV-00138-Z-BR |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY MOTION FOR TEMPORARY RESTRAINING ORDER**

On June 25, 2024, Plaintiff filed a *pro se* civil rights claim. (ECF 3). Along with his Complaint, he filed a document seeking injunctive relief, which the Court will construe as a Motion for Temporary Restraining Order (the "Motion"). (ECF 5). For the reasons stated below, the Motion should be DISMISSED.

On June 25, 2024, Plaintiff, an inmate at the Clements Unit of the Texas Department of Criminal Justice, filed his Complaint, alleging that Defendants refuse to protect him from prison gangs and also tamper with his mail. (ECF 3). In the Motion, he alleges that his life is "in grave danger … by the prison gangs" and seeks injunctive relief. (ECF 5). Federal Rule of Civil Procedure 65 provides that "the Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

　　(A) specific facts in an affidavit or a verified complaint clearly show that immediate
　　and irreparable injury, loss, or damage will result to the movant before the adverse
　　party can be heard in opposition; and

　　(B) the movant's attorney certifies in writing any efforts made to give notice and
　　the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Additionally, the Court may grant a temporary restraining order only when the movant establishes each of the following elements:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (citation omitted).

Here, Allen has failed to provide specific facts in his declaration that clearly show that immediate and irreparable injury, loss, or damage will result. Nor has he certified in writing any efforts made to give notice to Defendants and the reasons why notice should not be required before a temporary restraining order is issued. Lastly, Allen's motion fails to address any of the factors outlined in *Janvey*, much less establish that they weigh in favor of issuing a temporary restraining order. While he apparently believes that his life is in danger from prison gangs (which presumably is the irreparable harm he seeks to prevent), he omits any discussion of the remaining required elements for a TRO, namely, his likelihood of success on the merits, whether the threatened injury outweighs any harm that will result if the injunction is granted, and whether an injunction will serve the public interest. *Janvey*, 647 F.3d at 595.

Thus, having failed to comply with the legal requirements of Rule 65(b)(1), Plaintiff's Motion for Temporary Restraining Order should be DENIED.

## RECOMMENDATION

For the reasons set forth above, Allen's Motion for Temporary Restraining Order should be DENIED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 11, 2024.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).